Argued and submitted February 28, reversed and remanded for reconsideration
December 30, 1992

In the Matter of the Compensation of
Walter Jones, Jr., Claimant.

Walter JONES, Jr.,
*Petitioner,*

*v.*

SHERRELL CHEVROLET
and SAIF Corporation,
*Respondents.*

(90-07999; CA A69911)

844 P2d 281

Donald M. Hooton, Eugene, argued the cause for petitioner. With him on the brief was Malagon, Moore & Johnson, Eugene.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Claimant seeks review of an order of the Workers' Compensation Board holding that he is no longer permanently and totally disabled under ORS 656.206(1)(a).[1] Claimant argues that employer did not sustain its burden to prove that he is able to maintain gainful and suitable employment. We remand for reconsideration in light of *Tee v. Albertsons, Inc.*, 314 Or 633, 842 P2d 374 (1992).

Claimant's compensable injuries to the head, neck, low back and legs occurred in 1962, as the result of an accident while he was working as a car salesman. He was declared permanently and totally disabled by a stipulated order in 1965. There is little evidence regarding his medical condition or work experience between 1965 and the late 1970's. However, medical reports indicate that he began working for U.S. West selling directory advertising some time after 1980. He maintained that position until he had open heart surgery in late 1989.

In 1989, pursuant to ORS 656.206(5),[2] employer requested a reevaluation of claimant's permanent total disability award. The reevaluation determined that he is no longer permanently and totally disabled. Claimant requested a hearing. The referee found that his position as a sales representative for U.S. West was regular part-time work constituting gainful and suitable employment that precluded an award of permanent and total disability. The Board affirmed and adopted the referee's order.

---

[1] ORS 656.206(1)(a) provides:

" 'Permanent total disability' means the loss, including preexisting disability, of use or function of any scheduled or unscheduled portion of the body which permanently incapacitates the worker from regularly performing work at a gainful and suitable occupation. As used in this section, a suitable occupation is one which the worker has the ability and the training or experience to perform, or an occupation which the worker is able to perform after rehabilitation."

[2] ORS 656.206(5) provides:

"Each insurer shall reexamine periodically each permanent total disability claim for which the insurer has current payment responsibility to determine whether the worker is currently permanently incapacitated from regularly performing work at a gainful and suitable occupation. Reexamination shall be conducted every two years or at such other more frequent interval as the director may prescribe. Reexamination shall include such medical examinations, reports and other records as the insurer considers necessary or the director may require. The insurer shall forward to the director the results of each reexamination."

■■    When an employer seeks to terminate or modify a permanent total disability award, it has the burden to prove that the claimant presently is able to engage in a gainful and suitable occupation. *See Harris v. SAIF*, 292 Or 683, 690, 642 P2d 1147 (1982). Claimant argues that the evidence is insufficient, because there is no evidence in the record of the duration or character of his employment. In *Tee v. Albertsons Inc., supra*, the claimant argued that, although she was capable of part-time work, she was entitled to a permanent total disability award because of the significant reduction in her earnings. She contended that the occupation that she was capable of performing part time did not constitute a "gainful occupation" under ORS 656.206(1)(a). The Supreme Court concluded that the term "gainful occupation" used in that statute means profitable remuneration. 314 Or at 643. The court then remanded the case for reconsideration in the light of its opinion, because "the Board is the appropriate body to apply the meaning of 'gainful occupation' under the facts of this case in performing its fact-finding function * * *." 314 Or at 643. Because this case involves the same issue as *Tee v. Albertsons, Inc., supra*, we remand it to the Board for reconsideration in light of that opinion.

■    Claimant also argues that the referee found that the vocational expert misrepresented his job qualifications and, therefore, the referee's and the Board's reliance on that evidence was error. Because this issue is likely to arise on remand, we address it. The vocational expert's report showed that there is a labor market in advertising sales that claimant would be qualified to enter. The referee noted that the expert's report did make claimant appear to be qualified for highly competitive jobs, such as jobs with television stations, for which he was not in fact qualified. However, the referee did not find that the remainder of the report or its ultimate conclusion that there was some work available for claimant was inaccurate. The referee said:

> "*SAIF also has in evidence vocational materials suggesting that there is a substantial labor market for claimant for advertising sales*. I must note that these same vocational materials, in attempting to fix claimant's employability specifically, misrepresent his educational background and job skills to make him appear employable in connection with

highly competitive jobs such as those with television stations." (Emphasis supplied.)

The Board did not err in relying on the vocational expert's report.

*Reversed and remanded for reconsideration.*